| DISTRICT COURT OF THE VIRGIN ISLANDS |
|---|
| DIVISION OF ST. CROIX |

JOHN G. MENSCH,

                              Plaintiff,                         2005-CV-0127

        v.

HOVENSA, L.L.C., UNITED
STEELWORKERS AFL/CIO on behalf of
Local Union 8526, and UNITED
STEELWORKERS,

                              Defendants.

TO:   Lee J. Rohn, Esq.
      C. Beth Moss, Esq.
      Michael J. Sanford, Esq.


## <u>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL</u>

THIS MATTER came before the Court for consideration upon Plaintiff's Motion to

Compel Defendant USWA Further [sic] Supplement Responses to Demand For Production

of Documents (Docket No. 72).  Said Defendant filed an opposition to said motion, and

Plaintiff filed a reply thereto.

The Court notes that the parties failed to submit a joint stipulation pursuant LRCi

37.2(a).  However, because the matter has been briefed, in the interest of judicial economy,

the Court will rule upon the papers which *could* be considered filed consistent with LRCi

*Mensch v. HOVENSA, L.L.C.*
2005-CV-0127
Order Denying Plaintiff's Motion to Compel
Page 2

37.2(b).  As the Court has stated in previous matters, however, all future discovery motions

that fail to comply with the requirements of LRCi 37.2(a) will not be considered pursuant

to LRCi 37.2(c).

In addition to the individual discovery requests at issue, Plaintiff alleges that said

Defendant has failed to provide a "sworn answer" to the demands for production of

documents.  However, a review of Fed. R. Civ. P. 34, which governs the production of

documents, demonstrates that such an affirmation or certification, such as required by Fed.

R. Civ. P. 33 governing interrogatories, does not mention anything about responding

"under oath."  Thus, the Court finds that Plaintiff is not entitled to such a "sworn answer."

With regard to the specific discovery requests at issue, the Court makes the

following findings and conclusions:

**Demand For Production No. 5:**    Said Defendant claims that it supplemented its response

by way of correspondence to counsel.  The Court finds

that this supplementation is adequate.   Although

Plaintiff alleges that evidence of all other complaints

alleging racial discrimination, including complainants

who were not white, are relevant, the Court disagrees.

In order to prevail upon a "pattern and practice claim"

*Mensch v. HOVENSA, L.L.C.*
2005-CV-0127
Order Denying Plaintiff's Motion to Compel
Page 3

Plaintiff first mush establish a prima facie case of discrimination. *See, e.g., United States v. Lansdowne Swim Club*, 894 F.2fd 83, 88 (3d Cir. 1990) (citations omitted). A prima facie case of discrimination includes demonstrating less favorable treatment than others similarly situated. *See, e.g., Getz v. Commonweath of Pennsyvania Blindness and Visual Services*, No. Civ. A. 97-7541, 1998 WL 961901 (E.D. Pa. December 18, 1998). No further response is necessary.

**Demand For Production No. 6:** Said Defendant claims that it possesses no documents responsive to Demand No. 5. Consequently, Demand No. 6 is moot.

**Demand For Production No. 7:** Said Defendant claims that it supplemented its response by way of correspondence to counsel. The Court finds that this supplementation is adequate. No further response is necessary.

*Mensch v. HOVENSA, L.L.C.*
2005-CV-0127
Order Denying Plaintiff's Motion to Compel
Page 4

Therefore, it is now hereby **ORDERED** Plaintiff's Motion to Compel Defendant

USWA Further [sic] Supplement Responses to Demand For Production of Documents

(Docket No. 72) is **DENIED**.

ENTER:

Dated: October 10, 2008 _____/s/_____

GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE